UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.   **EDCV 19-1445 JGB (SHKx)**   Date   July 10, 2020

Title   *Jake L. Kemp v. Low Cost Interlock, Inc.*

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order (1) DENYING Plaintiff's Revised Motion for Preliminary Approval of Class Action Settlement (Dkt. No. 39); and (2) VACATING the July 13, 2020 Hearing (IN CHAMBERS)

Before the Court is a Motion for Preliminary Approval of Class Action Settlement filed by Plaintiff Jake L. Kemp. ("Motion," Dkt. No. 39.) The Court finds the Motion appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of the Motion, the Court DENIES the Motion.

## I.   BACKGROUND

On August 5, 2019, Plaintiff Jake L. Kemp filed a complaint against Defendant Low Cost Interlock, Inc. on behalf of himself and a putative class. ("Complaint," Dkt. No. 1.) The Complaint alleges a single cause of action for violation of 15 U.S.C. § 1667(a) ("CLA") and 12 C.R.F. 1012.4. (Id.)

On March 9, 2020, Plaintiff filed an initial motion for preliminary class settlement approval. ("Initial Motion," Dkt. No. 32.) On April 8, 2020, the Court conditionally certified a settlement class but denied preliminary approval of class settlement. ("Settlement Order," Dkt. No. 38.) On June 9, 2020, Plaintiff filed the Motion. (Motion.) Defendant did not oppose.

## II.   LEGAL STANDARD

Class action settlements must be approved by the court. See Fed. R. Civ. P. 23(e). At the preliminary approval stage, the Court "must make a preliminary determination on the fairness,

reasonableness, and adequacy of the settlement terms." Id. "The settlement need only be potentially fair, as the Court will make a final determination of its adequacy at the hearing on Final Approval." Acosta v. Trans Union, LLC, 243 F.R.D. 377, 386 (C.D. Cal. 2007) (emphasis in original). To determine whether a settlement agreement is potentially fair, a court considers the following factors: the strength of the plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement. Staton v. Boeing Co., 327 F.3d 938, 959 (9th Cir. 2003).

### III. DISCUSSION

The Court previously denied preliminary class settlement approval because Plaintiff failed to identify and address attorneys' fees. The Motion fails to correct this problem. Accordingly, the Motion is DENIED.

Ninth Circuit law is quite clear: "to avoid abdicating its responsibility to review the agreement for the protection of the class, a district court must carefully assess the reasonableness of a fee amount spelled out in a class action settlement agreement." Staton v. Boeing Co., 327 F.3d 938, 963 (9th Cir. 2003). "That the defendant in form agrees to pay the fees independently of any monetary award or injunctive relief provided to the class in the agreement does not detract from the need carefully to scrutinize the fee award." Id. In other words, the parties cannot avoid court scrutiny of attorneys' fees by artificially severing them from the settlement amount as the parties attempt to do here. See Zucker v. Occidental Petroleum Corp., 192 F.3d 1323 (9th Cir.1999) ("In a class action, whether the attorneys' fees come from a common fund *or are otherwise paid*, the district court must exercise its inherent authority to assure that the amount and mode of payment of attorneys' fees are fair and proper.")(emphasis added)

Plaintiff repeatedly reiterates that "Defendant will pay that sum entirely separately from the class settlement fund." (See Motion at 12.) As the Court has already explained once, this artifice of separation is untethered to the economic realities of class action settlement.

First, it ignores the fact that defendants consider the total cost of settling and that "the allocation between the class payment and the attorneys' fees is of little or no interest to the defense." Staton, 327 F.3d at 964. Undoubtedly, every dollar Defendant knows it must pay in attorneys' fees is one less dollar it is willing to pay in a class award. Plaintiff's suggestion that Defendant's decision to settle did not include consideration of amount it would be required to pay in attorneys' fees when settling the case strains credulity. Defendant is a large company represented by sophisticated counsel. It would not have settled the case without a clear idea of the total cost of settling—a figure that includes both the class award and attorneys' fees.

Second, Plaintiff's insistence on an artificial separation between the settlement amount and attorneys' fees amount ignores the fact that it is the class—not Defendant—who is truly

paying Class Counsel.  When a class action settles, unrepresented individuals lose their right to seek redress for a harm they may have suffered.  And while they gain the right to a potential settlement amount, they must pay class counsel from that amount.  Any fee-shifting statues are wholly irrelevant as they are not triggered unless Plaintiff prevails.  Because unrepresented class members have little input on the amount that they are paying to class counsel, the Court must ensure that the amount of the settlement earmarked for attorneys' fees is fair.

And third, Plaintiff ignores the economic incentive that Class Counsel has to enrich themselves with high attorneys' fees at the expense of the class.  Defendants will not object to such enrichment if they have obtained a favorable result.  See Staton, 327 F.3d at 964 ( "If fees are unreasonably high, the likelihood is that the defendant obtained an economically beneficial concession with regard to the merits provisions, in the form of lower monetary payments to class members or less injunctive relief for the class than could otherwise have obtained."); see also Evans v. Jeff D., 475 U.S. 717, 732 (1986) (recognizing that "the possibility of a tradeoff between merits relief and attorney's fees" is often implicit in class action settlement negotiations, because "[m]ost defendants are unlikely to settle unless the cost of the predicted judgment, discounted by its probability, plus the transaction costs of further litigation, are greater than the cost of the settlement package.").

Against the great weight of this binding Ninth Circuit precedent, Plaintiff cites a single, unpublished case from the Eastern District of Pennsylvania to argue that it is entitled to seek fees separately without review.  (Motion at 12.)  Though the Court need not consider such deficient authority, the cited case is distinguishable.  Good v. Nationwide Credit, Inc., 314 F.R.D. 141, 161 (E.D. Pa. 2016).  First, the plaintiff in Good transparently disclosed attorneys' fees when seeking settlement approval.  Id.  Second, the class members were "receiving the maximum recovery permitted by law."  Id.  Accordingly, there was no concern—as there is here—that Class Counsel accepted a smaller settlement in exchange for higher fees.

The Ninth Circuit has held explicitly that "[p]rivate agreements to structure artificially separate fee and settlement arrangements should not enable parties to circumvent the 25% benchmark requirement on what is in economic reality a common fund situation."  In re Bluetooth Headset Prod. Liab. Litig., 654 F.3d 935, 943 (9th Cir. 2011).  Plaintiff insists that because the case is brought under a fee-shifting statute, Class Counsel is entitled to a reasonableness evaluation based on a loadstar calculation rather than a percentage of the fund.  (Motion at 13-17.)  The Court is skeptical.

Plaintiff fails to cite a single case where the Court found that only the loadstar, and not percentage of the fund, is considered where there is a large monetary class settlement.  Instead, he cites several cases where the damages amount was limited to a nominal statutory fine or injunctive relief, "where the relief sought—and obtained—is often primarily injunctive in nature and thus not easily monetized."  In re Bluetooth Headset Prod. Liab. Litig., 654 F.3d 935, 941 (9th Cir. 2011).  In one case cited by Plaintiff, the Ninth Circuit held that the loadstar method was appropriate to determine attorneys' fees for an FDCPA Action, which is limited to statutory damages of $1,000.  See Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 981 (9th Cir. 2008).  In

a second, the Sixth Circuit held that the recovery for attorneys' fees in a single-plaintiff TILA action was not limited to TILA's $1,000 statutory cap. Purtle v. Eldridge Auto Sales, Inc., 91 F.3d 797, 801 (6th Cir. 1996).[1] While there is a damages cap in the CLA, it is significantly larger than the $1,000 cap in both the TILA and the FDCPA. Here, unlike in the cases cited by Plaintiff, the settlement amount is large enough that a percentage of the fund approach would be reasonable. Moreover, in the cases cited by Plaintiff the plaintiff received the full statutory award. Here, the class is receiving only one third of their potential recovery. A fees award greater than the class recovery is more suggestive of collusion where the class only received a fraction of their potential recovery.

Ultimately, the Court retains discretion to determine whether the fees are reasonable. And it can use a combination of both the lodestar and percentage of the fund methods to do that: the lodestar method can "confirm that a percentage of recovery amount does not award counsel an exorbitant hourly rate," and the percentage-of-recovery method can likewise "be used to assure that counsel's fee does not dwarf class recovery." In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig., 55 F.3d 768, 821 (3d Cir. 1995). "If the lodestar amount overcompensates the attorneys according to the 25% benchmark standard, then a second look to evaluate the reasonableness of the hours worked and rates claimed is appropriate." In re Coordinated Pretrial Proceedings in Petroleum Prod. Antitrust Litig., 109 F.3d 602, 607 (9th Cir. 1997). With the limited information in the Motion, the Court is unable to assess whether the fees are reasonable and the settlement is fair. Plaintiff must disclose the fees amount, along with the figures supporting any lodestar calculation, so the Court can assess whether those fees are reasonable and the settlement is fair. Once again, the Court cautions that **it is unlikely to award any fees greater than thirty percent of the total settlement absent compelling reason to do so.**[2]

## IV.    CONCLUSION

For the reasons above, the Court DENIES Plaintiff's Motion. The July 13, 2020 hearing is VACATED.

**IT IS SO ORDERED.**

---

[1] Plaintiff also quotes totally irrelevant dicta from a First Circuit concurring opinion determining whether attorneys' fees were warranted in a section 1983 action. See Lewis v. Kendrick, 944 F.2d 949, 957 (1st Cir. 1991).

[2] Plaintiff complains that Class Counsels' repeated failed Motions for preliminary settlement approval will add to the loadstar. (Motion at 14.) The Court reminds Plaintiff that the loadstar calculation can be adjusted where appropriate, such as a reduction for hours spent filing motions untethered to the law.