UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 19-1445 JGB (SHKx)** | Date | October 9, 2020 |
| Title | *Jake L. Kemp v. Low Cost Interlock, Inc.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):     Attorney(s) Present for Defendant(s):

None Present                                              None Present

**Proceedings:**   Order (1) GRANTING Plaintiff's Second Renewed Motion for Preliminary Approval of Class Action Settlement (Dkt. No. 43); and (2) VACATING the October 19, 2020 Hearing (IN CHAMBERS)

Before the Court is Plaintiff Jake Kemp's Second Renewed Motion for Preliminary Approval of Class Settlement. ("Motion," Dkt. No. 43.) The Court finds the Motion appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed, the Court GRANTS the Motion. The Court vacates the hearing set for October 19, 2020.

## I.   BACKGROUND

On August 5, 2019, Plaintiff Jake L. Kemp filed a complaint against Defendant Low Cost Interlock, Inc. on behalf of himself and a putative class. ("Complaint," Dkt. No. 1.) The Complaint alleges a single cause of action for violation of the Consumer Leasing Act ("CLA,") 15 U.S.C. § 1667(a) and 12 C.R.F. 1012.4. (Id.)

On January 21, 2020, while Defendant's Motion to Dismiss (Dkt. No. 22) was under submission, the parties reached agreement on a class-wide settlement. ("Notice of Settlement," Dkt. No. 30.) The Court ordered the parties file a motion for preliminary approval of both a settlement class and the class settlement, which Plaintiff filed unopposed on March 9, 2020. (Dkt. No. 32.) On April 8, 2020, the Court conditionally certified a settlement class but denied preliminary approval of class settlement. ("Settlement Order," Dkt. No. 38.) The Court advised that absent extraordinary circumstances, it was unlikely to approve an attorneys' fee

figure in excess of 30% of the total settlement amount. Id. On June 9, 2020, Plaintiff filed his second motion for preliminary approval of the class settlement, also unopposed. (Dkt. No. 39.) The Court once again denied the motion for Plaintiff's failure to identify and address attorneys' fees. (Dkt. No. 42.)

Plaintiff filed this Motion, his third for preliminary approval of class settlement, on September 8, 2020. (Dkt. No. 43.) Like the others, it is unopposed. Id.

## II.  LEGAL STANDARD

The Court has detailed the standards for approval of a class settlement in its previous Orders. (See Dkt. Nos. 38, 42.) Briefly, approval of a class action settlement requires certification of a settlement class. La Fleur v. Med. Mgmt. Int'l, Inc., 2014 WL 2967475, at *2–3 (C.D. Cal. June 25, 2014) (internal quotation marks omitted). And at the preliminary approval stage, the Court "must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms." See Fed. R. Civ. P. 23(e). To determine whether a settlement agreement is potentially fair, a court considers the following factors: the strength of the plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement. Staton v. Boeing Co., 327 F.3d 938, 959 (9th Cir. 2003).

Critically, Ninth Circuit law is clear that "to avoid abdicating its responsibility to review the agreement for the protection of the class, a district court must carefully assess the reasonableness of a fee amount spelled out in a class action settlement agreement." Staton, 327 F.3d at 963. An untoward fee agreement may doom a settlement because "[i]t is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness," and a "settlement must stand or fall in its entirety." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998) (overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338 (2011)).

## III.  DISCUSSION

The Court has already conditionally certified a settlement class. (See Settlement Order.) It has also already conducted a fairness analysis. (See Motion p. 3-4 (citing to Dkt No. 38 p. 8-10; Dkt No. 42 p. 2-3.)) The "lone remaining concern" is attorneys' fees. (See Motion p. 4.) In the Ninth Circuit, "the assumption in scrutinizing a class action settlement agreement must be, and has always been, that the members of the class retain an interest in assuring that the fees to be paid class counsel are not unreasonably high." Staton, 327 F.3d at 964. Indeed, if fees are excessive, "the likelihood is that the defendant obtained an economically beneficial concession with regard to the merits provisions, in the form of lower monetary payments to class members[.]" Id.

Class counsel intends to seek an attorneys' fee award of $108,730. (Motion p. 2.) The proposed class settlement is $130,000 for approximately 22,000 class members—a sum Plaintiff estimates to be about $29-$58 per member for the release of their claims. (Id. at 1.)

The Court's concern for the fairness of the proposed settlement comes from the "economic realities of class action settlement." (Dkt. No. 42.) Defendants settling class actions are generally disinterested in the allocation of payment between a class and its attorneys. Staton, 327 F.3d at 964; see also Johnston v. Comerica Mortg. Corp., 83 F.3d 241, 246 (8th Cir. 1996) ("[I]n essence the entire settlement amount comes from the same source."). And courts have an obligation to "vigilantly guard against" use of the lodestar metric's "potential to exacerbate the misalignment of the attorneys' and the class's interests." In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig., 55 F.3d 768, 821 (3d Cir. 1995).

These practical considerations blur the line between preliminary settlement approval and fee petition. However, though the issues are intertwined, a grant of the instant Motion approves the former and not the latter. In its July Order, the Court requested Plaintiff disclose attorneys' fees for assessment of whether the fees were reasonable and the settlement fair. (Dkt. No. 42.) Plaintiff has disclosed documentation of those fees, and importantly, has stated that: "There is no package deal here; rather, there is no agreement on fees at all." (Motion p. 3.) Plaintiff's representations that there is no clear sailing agreement, (id. at 5,) enables the Court to disentangle what appears to be within the bounds of fairness—the amount class members will receive—with what appears potentially unfair to the class—the amount of attorneys' fees. Class counsel's proposed fees are roughly equal to the entire class award, and the parties agreed on a settlement before a class was certified and before discovery was exchanged or a trial date was set. The Court's obligation to protect the class obliges it not to approve a settlement under these conditions without scrutiny. An agreement that assures Defendant's payment of attorneys' fees is separate from class relief and in an amount to be decided after proper motion briefing allows for safeguarding against collusion. (See Motion, p. 5; Dkt No. 32-3 ¶ 10(D).)

As the Court has repeated, it retains discretion to determine whether counsel's proposed fees are reasonable—even in the absence of opposition by Defendant. (See Dkt. No. 42.) However, preliminary settlement approval is GRANTED.

## IV.   CONCLUSION

For the reasons above, the Court GRANTS Plaintiff's Preliminary Approval Motion. The Court thus ORDERS as follows:

Direct Mail Notice to class members shall be sent by **November 2, 2020.**

Plaintiff's petition for attorneys' fees, costs, and expenses shall be filed by **November 9, 2020.**

The deadline for class members to submit a claim form, send exclusion, or file an objection shall be **January 11, 2021.**

A Motion for Final Approval and response to any objections shall be filed by **February 15, 2021.**

Oppositions, if any, to Final Approval or to Plaintiff's petition for attorneys' fees, costs, and expenses shall be filed by **February 22, 2021.**

Replies in support of Final Approval or Plaintiff's petition for attorneys' fees, costs, and expenses shall be filed by **March 1, 2021.**

The Final Fairness Hearing shall be held on **March 15, 2021** at 9:00 a.m. in Courtroom 1 of the United States District Court for the Central District of California, Eastern Division located at 3470 12th Street, Riverside, California 92501.

The October 19, 2020 hearing is VACATED.

**IT IS SO ORDERED.**